# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS A. BIAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-607-JHP-FHM |
| | ) | |
| JIMMY MARTIN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a habeas corpus action. Before the Court are three motions: Petitioner's motion for production of documents (Dkt. # 8), Respondent's motion to dismiss the petition (Dkt. # 13), and Petitioner's motion to amend party names (Dkt. # 16). For the reasons discussed below, the Court (1) grants Petitioner's motion to amend party names, (2) dismisses the petition for a writ of habeas corpus, without prejudice, for lack of jurisdiction, (3) declares moot Respondent's motion to dismiss the petition as time-barred and (4) declares moot Petitioner's motion for production of documents.

## *BACKGROUND*

Petitioner brings this 28 U.S.C. § 2241 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Creek County, Case No. CF-1974-123. Dkt. # 1 at 1. In that case, a jury convicted Petitioner of first degree murder, and he was sentenced to death. Dkt. # 13-1 at 3; *see Bias v. State*, 561 P.2d 523 (Okla. Crim. App. 1977). At the time of the murder, Petitioner was 17 years old but he was certified to be tried as an adult. *Bias*, 561 P.2d at

---

[1] For the reasons discussed below in the analysis section, Jimmy Martin is substituted in place of Janet Dowling as party respondent. The Clerk of Court shall note this substitution on the record.

527-28.  In 1977, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction but modified his sentence to life imprisonment.  *Id.* at 538.  In 1991, Petitioner filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in this court.  *See* N.D. Okla. Case No. 91-CV-0601-joe.  This court denied the petition, and the United States Court of Appeals for the Tenth Circuit affirmed. *Bias v. Cody*, No. 92-5190, 1993 WL 152654 (10th Cir. May 11, 1993) (unpublished).

On September 16, 2016, Petitioner filed a fourth application for post-conviction relief in Creek County District Court.  Dkt. # 13-2.  Petitioner claimed his life sentence "should have a finite term" because "Oklahoma courts have implied that life mean[s] 45 years."  *Id.* at 3.  The state district court denied relief, reasoning the statutes and case law cited by Petitioner did not support his position.  *Id.* at 5.  Petitioner appealed the order denying post-conviction relief.  Dkt. # 13-1 at 3.  By unpublished order filed November 30, 2016, in Case No. PC-2016-928, the OCCA affirmed the denial of post-conviction relief.  *Id.* at 3-5.  The OCCA determined Petitioner's claim was "barred or waived" because it could have been raised in previous applications for post-conviction relief.  *Id.* at 4.

On January 12, 2017, Petitioner filed a § 2241 petition for writ of habeas corpus in this court alleging: "Petitioner's sentence is in violation of Due Process and Equal Protection by not being allowed to seek <u>collateral attack against 'continued incarceration</u>.'  State Legislation, State Law and District Court's rulings have established a precedent that <u>Petitioner has (discharged) the perimeters of his 'Life imprisonment</u>.'"  *See* N.D. Okla. Case No. 17-CV-0017-TCK-FHM, Dkt. # 1 at 6.  In his request for relief, Petitioner asked this court to modify his life sentence "to a determinate forty-five (45) year sentence."  *Id.*  By Opinion and Order filed August 24, 2017, the court dismissed the

petition without prejudice for failure to exhaust administrative remedies. *See* N.D. Okla. Case No. 17-CV-0017-TCK-FHM, Dkt. # 13 at 1.

Petitioner then sought administrative relief. First, Petitioner submitted a request to staff at the Dick Conner Correctional Center (DCCC) on September 7, 2017, seeking to be discharged from his life sentence. Dkt. # 13-3 at 1. Citing state law, Petitioner asserted that a "life sentence 'discharges' at 45 years," thus, he argued, he had completed his sentence, and failing to discharge him from custody would violate his rights under the Eighth and Fourteenth Amendments. *Id.* The prison staff member responding to his request stated: "Where 45 years has been discussed is only when figuring when someone with a life sentence is eligible for a parole hearing. Otherwise, a life sentence is for life unless you are granted parole or your sentence is commuted to a number of years." *Id.*

Next, Petitioner filed a grievance on September 12, 2017. *Id.* at 3. In the grievance, Petitioner alleged, "To date, the State of Oklahoma has openly condemned me, having been a juvenile when my crime was committed, to spend all of my life incarcerated." *Id.* He further alleged that keeping him incarcerated for life "is cruel and unusual punishment and violates [his] protection under the Eight Amendment." *Id.* To support this latter allegation, Petitioner cited *Graham v. Florida*, 460 U.S. 48 (2010), *Roper v. Simmons*, 543 U.S. 551 (2005), and *Miller v. Alabama*, 567 U.S. 460 (2012). *Id.* As relief for the alleged violations of his Eighth and Fourteenth Amendment rights, Petitioner asked to have his time served and earned credits calculated to prove that he had served his life sentence and that he should be discharged. *Id.* In a grievance decision dated September 14, 2017, the DCCC's warden, Janet Dowling, denied relief, stating,

> In accordance with OP-060211 'Sentence Administration' section II.F.4.e. While under a life sentence—a record of earned credits will be maintained for record keeping purposes. Should the sentence be commuted to a specified number of years

> by the Governor or modified to a specified number of years by an appellate court, the recorded credit will be applied;
> If your sentence is commuted to a specific number of years, the "45 years" would apply.

*Id.* at 4.

Lastly, on September 25, 2017, Petitioner submitted a grievance appeal to the Administrative Review Authority. *Id.* at 5. Petitioner alleged Warden Dowling "committed error by denying to implement District Court rulings, State Court jury instructions, Legislative conclusions of law, and U.S. Supreme Court mandates." *Id.* Citing his status as a juvenile when he committed his crime, he asserted he was "not being given a meaningful realistic opportunity to meet a parole release eligibility criteria," in violation of the Eighth Amendment as construed in *Graham*, *Roper*, and *Miller*. *Id.* In addition, he cited state statutes and state court decisions to support his assertion that his life sentence should be discharged after 45 years of time served. *Id.* at 6. The Administrative Review Authority denied relief, finding no error in the warden's grievance response. *Id.* at 7.

Petitioner submitted the instant § 2241 habeas petition on November 2, 2017. Dkt. # 1. He alleges his custody is unlawful on two grounds. In Ground One, he claims "it is unconstitutional to arrest a juvenile and then keep him incarcerated, for the rest of his life without establishing, by a set criteria, the unamicableness [sic] of that individual." Dkt. # 1 at 7. He generally contends the "Oklahoma Judicial System does not provide an established jeopardy interest criteria with guidelines that can determine that Petitioner has shown, proven, or earned the right to be released." *Id.* He specifically contends "in 1994, the Oklahoma Pardon and Parole Board did tell this Petitioner that he would never be paroled." *Id.* Based on these contentions, Petitioner argues that he is currently "confined under an unconstitutional system in violation of the 8th and 14th Amendments" as interpreted in *Roper*, *Graham* and *Miller*. *Id.* at 8. In Ground Two, Petitioner claims he "is being

4

held under an unconstitutional indeterminate sentence of 'life' when State Legislation, State Court conclusions of law, and general interpretation do establish that the term 'life sentence' is based upon forty-five (45) years as a determinate maximum number of years." Dkt. # 1 at 7. For support, Petitioner cites Oklahoma laws enacted in 1971, 1997 and 1999, an Oklahoma criminal jury instruction, three state district court cases granting post-conviction relief, and an unpublished decision from the United States District Court for the Western District of Oklahoma. *Id.* at 7-9. In his request for relief, Petitioner asks this Court to modify his life sentence to "a determinate forty-five (45) years, 'nor more than 60 years,'" and to determine, based on attached "CRC records," that he has discharged that modified sentence. *Id.* at 11. Petitioner asserts "[t]he modification and discharge" of his life sentence "will satisfy the present violation of [his] 8th and 14th Amendment guaranteed rights." *Id.*

On January 2, 2018, Petitioner filed a motion for production of documents. Dkt. # 8. Petitioner seeks an order directing Respondent "to provide the Court with a copy of the April, 1993 & April, 1994 Parole Board consideration hearing of the Petitioner." *Id.* at 1. Petitioner contends this document "is proof of the bias and prejudice and direct violation of the 8th and 14th Amendment rights against Petitioner." *Id.*

On January 29, 2018, Respondent filed a motion to dismiss the habeas petition as time barred under § 2244(d), which establishes a one-year period of limitation for state prisoners to file a federal habeas petition. Dkt. # 13. Petitioner filed a response to the motion on February 9, 2018. Dkt. # 14.

Finally, on September 10, 2018, Petitioner filed a notice of change of address (Dkt. # 15) and a motion to amend party names (Dkt. # 16).

*ANALYSIS*

**I.      Motion to amend party names (Dkt. # 16)**

On September 10, 2018, Petitioner filed a notice of change of address informing the Court of his transfer to the North Fork Correctional Center (NFCC) in Sayre, Oklahoma. Dkt. # 15. Petitioner moves to substitute Jimmy Martin, the NFCC's warden, in place of Janet Dowling, the DCCC's warden, as party respondent. Dkt. # 16. Under Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*, Martin is the correct respondent in light of Petitioner's transfer. The Court therefore grants Petitioner's motion and directs the Clerk of Court to note this substitution on the record.

**II.     Motion to dismiss (Dkt. # 13)**

Respondent moves to dismiss the habeas petition for two reasons. First, Respondent contends both claims are time-barred because "Petitioner's first issue is based upon case law decided in 2005, 2010 and 2012" and his second issue relies on legislative activity from 1997 and 1999. Dkt. # 13 at 4. Second, Respondent contends Petitioner has not completed his life sentence and appears to urge this Court to deny the petition on the merits. Dkt. # 13 at 4-8.

In response to the motion to dismiss, Petitioner does not address Respondent's arguments regarding the timeliness of the habeas petition. Dkt. # 14, generally. Instead, Petitioner urges this Court to "accept jurisdiction[]" and rule on the merits of his claims "if for no other reason" than to "uphold[] the United States Constitution." *Id.* at 1.

As an initial matter, the Court questions whether it has jurisdiction to consider either claim asserted in the § 2241 habeas petition. State prisoners may seek a writ of habeas corpus under either § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). "Section 2241 is a

vehicle for challenging pretrial detention . . . or for attacking the execution of a sentence," whereas § 2254 "is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Both parties seem to agree that Petitioner's claims challenge the execution of his prison sentence under § 2241. Dkt. # 1 at 2; Dkt. # 13 at 4. The Court, however, is not convinced. Petitioner appears to challenge both the validity of his life sentence by claiming is it unconstitutional under *Roper*, *Graham*, and *Miller* (Ground One) and the execution of that sentence by claiming the state has refused to recognize his life sentence as "discharged" because he has served at least 45 years (Ground Two). Dkt. # 1 at 7-9. Because his Ground One claim appears to challenge the validity of his life sentence, the Court questions whether it lacks jurisdiction to address that claim given that Petitioner has previously filed a § 2254 petition challenging the same judgment and sentence. *See* 28 U.S.C. § 2244(b) (limiting district court's authority to consider second or successive habeas petitions).

In addition, whether a state prisoner brings a habeas action under § 2241 or § 2254, he must satisfy the "substance" component of the jurisdictional "in-custody" requirement by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *id.* § 2254(a); *see Kirby v. Janecka*, 379 F. App'x 781, 782-83 (10th Cir. 2010) (unpublished)[2] (explaining that the in-custody requirement contains a "status requirement" which "mandates that the petitioner raise his claims while he is in custody" and a "substance requirement" which "mandates that those claims assert a right to release from that custody on federal law grounds"); *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (noting that

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the "in custody" requirement is jurisdictional in nature). On preliminary review, Petitioner's Ground Two claim does not appear to allege a cognizable federal habeas claim.

The Court will address these threshold jurisdictional issues before considering, if necessary, Respondent's arguments that the petition should either be dismissed as time-barred or denied on the merits.

   A.   **Ground One**

In Ground One, Petitioner claims the United States Supreme Court has "mandated . . . that it is unconstitutional to arrest a juvenile and then keep him incarcerated for the rest of his life without establishing, by a set criteria, the unamicableness [sic] of that individual." Dkt. # 1 at 7. For support he cites *Roper*, *Graham* and *Miller*. In each case, the Supreme Court held that the Eighth Amendment prohibits imposing certain sentences on a juvenile offender. *See Miller*, 567 U.S. at 479 (holding Eighth Amendment prohibits mandatory sentence of life without parole for juveniles who commit homicide); *Graham*, 560 U.S. at 74 (holding Eighth Amendment prohibits life without parole for juveniles who commit nonhomicide offenses); *Roper*, 543 U.S. at 575 (holding Eighth Amendment prohibits capital punishment for juveniles). In a fourth case not cited by Petitioner, *Montgomery v. Louisiana*, 136 S. Ct. 718, 726, 734 (2016), the Supreme Court explained that while *Miller* "did not foreclose a sentencer's ability to impose life without parole on a juvenile" who commits murder, it nevertheless prohibited that sentence for "all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." To determine which juvenile homicide offenders are permanently incorrigible, *Miller* "requires a sentencer to consider a juvenile's youth and attendant characteristics before determining that life wihtout parole is a proportionate sentence." *Montgomery*, 136 S. Ct. at 734. More importantly, for state prisoners who

8

were sentenced as juveniles to a mandatory term of life without parole before *Miller* was decided, *Montgomery* held that *Miller* announced a substantive rule of constitutional law that states must apply on collateral review. *Montgomery*, 136 S. Ct. at 735.[3]

Given Petitioner's assertion that his sentence violates the Eighth and Fourteenth Amendments as interpreted by *Roper*, *Graham* and *Miller*, the Court finds his Ground One claim challenges the constitutional validity, rather than the execution, of his life sentence and must be adjudicated under § 2254. However, because Petitioner previously brought a § 2254 habeas petition challenging the same judgment and sentence, the Court finds his instant habeas petition must be construed as a second habeas petition as to Ground One. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under 28 U.S.C. § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"). Nothing in the record reflects that Petitioner sought or obtained permission from the United States Court of Appeals for the Tenth Circuit before filing his second petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Court shall therefore

---

[3] The OCCA recently explained how state district courts "are to retroactively apply *Miller* and *Montgomery* on post-conviction review." *Stevens v. State*, 422 P.3d 741, 748 (Okla. Crim. App. 2018). In doing so, the OCCA stated, "[t]o establish a claim under *Miller* and *Montgomery* on post-conviction review, the petitioner must establish that he is serving a sentence of life without parole for a homicide committed while he or she was under 18 years of age and was deprived of an individualized sentencing hearing wherein youth and its attendant characteristics were considered along with the nature of the crime." *Id.* The OCCA further explained that if a *Miller* violation is found, the district court should "conduct a new sentencing hearing" and resentence the petitioner "unless the State is agreeable to the modification of [the petitioner's] sentence to life imprisonment." *Id.* at 749.

9

dismiss the instant habeas petition, as to Ground One, for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [court of appeals] has granted the required authorization.").

In doing so, the Court recognizes it has discretion to transfer this matter to the Tenth Circuit Court of Appeals for authorization under § 2244(b)(3) rather than dismissing it. *Id.* at 1252; 28 U.S.C. § 1631. For three reasons, the Court finds transfer inappropriate. *See id.* at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). First, as Respondent points out, Petitioner's Ground One claim appears to be without merit because he is serving a life sentence *with* the possibility of parole for a homicide he committed as a juvenile. Dkt. # 13 at 7-8. As Respondent contends, none of the authorities he relies upon held that the Eight Amendment prohibits such a sentence for juvenile homicide offenders. *Id.* Second, even if Petitioner could rely on the rule announced in *Miller* and made retroactive in *Montgomery* to overcome the bar to his successive petition, it appears his claim may be time barred because *Montgomery* made *Miller* retroactive on January 27, 2016, and Petitioner filed the instant petition on November 2, 2017. *See* 28 U.S.C. § 2244(b)(2)(A) (requiring applicant presenting claim in second or successive petition to show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *Id.* § 2244(d)(1)(C) (providing state prisoners have one year from date Supreme Court recognizes the asserted constitutional right and makes that right "retroactively applicable to cases on collateral review" to file federal habeas petition). Third, while it appears Petitioner may have attempted to administratively exhaust his Ground One claim by asserting it in his grievance appeal, nothing

suggests he has ever attempted to exhaust available state court remedies as to this claim as required by § 2254(b)(1)(A). As discussed, the OCCA has held that a *Miller* claim may be pursued through state post-conviction proceedings. *See supra* note 3. For these reasons, the Court shall dismiss the habeas petition as to Petitioner's Ground One claim for lack of jurisdiction.

**B.      Ground Two**

In Ground Two, Petitioner claims the State is holding him unlawfully because, under State law, a life sentence means a 45-year sentence and he has served at least 45 years in prison. Dkt. # 1 at 7-9. The Court agrees with the parties that this claim challenges the execution of Petitioner's sentence rather than its validity and is properly brought under § 2241. Nonetheless, the Court finds Petitioner's Ground Two claim fails to state a cognizable federal habeas claim.

As noted herein, this Court may only grant habeas relief to a state prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitioner fails to identify any particular federal law or Supreme Court decision that requires Oklahoma courts to convert a life sentence into a determinate, term-of-years sentence. Dkt. # 1 at 7-8. Instead, he relies on State laws, some of which have been repealed, and state district court decisions to support his claim that Oklahoma law requires this life sentence to be modified to a 45-year sentence. *Id.* At most, Petitioner contends the State has misapplied its own sentencing laws. Even if Petitioner were correct in his interpretation of state law, "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) (noting that a federal habeas court's "role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights"). Because Petitioner's Ground Two

claim alleges an error of state law rather than a cognizable federal habeas claim, he fails to satisfy the substance component of the in-custody requirement. *See Kirby*, 379 F. App'x at 782-83. As a result, this Court lacks jurisdiction to consider his Ground Two claim. *See Erlandson*, 528 F.3d at 788. Therefore, the Court shall dismiss the petition for lack of jurisdiction as to Ground Two.

## *CONCLUSION*

The Court concludes it lacks jurisdiction to entertain either claim Petitioner asserts in his 28 U.S.C. § 2241 habeas petition. Thus, the Court dismisses the petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. Consequently, the Court declares moot Respondent's motion to dismiss the petition as time-barred and Petitioner's motion for production of documents.

## **Certificate of Appealability**

Under Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner make that showing by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When, as here, the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court declines to issue a certificate of appealability here because nothing suggests that its procedural ruling resulting in the dismissal

of the petition for writ of habeas corpus for lack of jurisdiction is debatable or incorrect. A certificate of appealability is therefore denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to amend party names (Dkt. # 16) is **granted**.

2. The Clerk of Court is directed to substitute Jimmy Martin in place of Janet Dowling as party respondent.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction.

4. Respondent's motion to dismiss the petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 13) is **declared moot**.

5. Petitioner's motion for production of documents (Dkt. # 8) is **declared moot**.

6. A certificate of appealability is **denied**.

7. A separate judgment shall be entered in this matter.

**DATED** this 28th day of September 2018.

James H. Payne
United States District Judge
Northern District of Oklahoma